# Robinson+Cole

ADAM J. PETITT

666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
apetitt@rc.com
Direct (212) 451-2968

October 10, 2023

<u>Via ECF</u>
Hon. Lorna G. Schofield
United States District Judge
Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> Plaintiffs shall file a response, not to exceed three pages, by **October 17, 2023**. So Ordered.
>
> Dated: October 11, 2023
>    New York, New York
>
> _/s/ Lorna G. Schofield_
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

Re: <u>*Norman Maurice Rowe, M.D., M.H.A., L.L.C., et al. v. Aetna Life Insurance Company*, No. 1:23-cv-08297-LGS</u>

Dear Judge Schofield:

This firm represents Defendant, Aetna Life Insurance Company ("Aetna"), in the above-referenced matter. While a pre-motion conference is not required for a motion to dismiss, pursuant to Rules III.A.1 and III.C.2. of Your Honor's Individual Rules and Procedures for Civil Cases, please accept this pre-motion letter explaining the grounds for Aetna's motion to dismiss the Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6) and proposing a briefing schedule.

Plaintiffs, Norman Maurice Rowe, M.D., M.H.A., L.L.C. and East Coast Plastic Surgery, P.C., are out-of-network providers with Aetna, meaning they did not pre-negotiate charges for services billed to Aetna. Aetna is the claim administrator for a welfare plan that is sponsored and funded by the Mason Tenders' District Council Welfare Fund (the "Plan") and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plan provides health insurance coverage to A.V., a purported patient of Plaintiffs.

The Complaint's core allegation and legal basis for recovery from Aetna is that a pre-surgery call to an Aetna customer service representative to verify available benefits under A.V.'s ERISA-governed Plan somehow created a contract for payment for a surgery that is separate and independent from the terms and conditions of the Plan. Specifically, Plaintiffs allege that, on July 15, 2020, their employee called Aetna regarding the yet to be performed surgery and, during that call, an Aetna employee purportedly represented that Aetna would "reimburse the services rendered to A.V. based upon 80% reasonable and customary." (Compl. at ¶¶ 18-19). Plaintiffs contend that this created a binding oral contract or promise. Dissatisfied with the reimbursement for surgical services provided to A.V. under A.V.'s Plan, Plaintiffs sued Aetna for breach of contract, unjust enrichment, promissory estoppel, and fraudulent inducement.

Hon. Lorna G. Schofield, U.S.D.J.
October 10, 2023
Page 2

     However, the benefits verification call at issue in the Complaint was recorded and the transcript makes clear that no such promise or contract was made.[1] As an initial matter, the call alleged in the Complaint took place on May 22, 2020, not July 15, 2020.[2] Plaintiffs' purported employee called an Aetna customer service representative for the express purpose of verifying benefits available under A.V.'s ERISA Plan. The purported employee did not call to negotiate or otherwise enter into a contract. Indeed, at no time during the May 22, 2020 verification call did Aetna indicate that it would *pay* Plaintiffs, or any surgeon, for any certain surgical services provided to patient A.V. Rather, the customer service representative accessed patient A.V.'s Plan and relayed the Plan's in-network and out-of-network benefits, including the out-of-network reimbursement methodology, to Plaintiffs' purported employee. Nonetheless, Plaintiffs allege that the verification call to an Aetna customer service representative to verify out-of-network benefits under the Plan was an "offer" to *pay* Plaintiffs for the yet-to-be-performed surgery to patient A.V. "based upon 80% reasonable and customary." (Compl., ¶ 19). More then five months later, on October 6, 2020, when A.V. received a breast reduction surgery, the Plaintiffs allege that they accepted Aetna's purported "offer" and a contract for payment of surgical services to patient A.V. was formed.

     Plaintiffs' state law claims are expressly preempted by Section 514 of ERISA because they relate to an ERISA plan. A state law claim "relates to" an ERISA plan if "it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). Here, Plaintiffs' entire purported relationship with Aetna is premised on the fact that A.V. received benefits *pursuant to the ERISA Plan* administered by Aetna. Section 514 preemption is therefore necessarily implicated. Even taking the allegations in the Complaint as true, Aetna's customer service representative made the purported representations to Plaintiffs' purported employee, which forms the basis of Plaintiffs' claims, by specifically referring to the Plan's terms regarding out-of-network benefits. "What triggers ERISA preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146-47 (2d Cir. 1999); *See Park Avenue Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co.*, No. 22-cv-10312 (AKH), 2023 WL 2478642, at *3 (S.D.N.Y. Mar. 13, 2023) (dismissing provider's state law claims against claims administrator that told provider payment for covered services was "based upon 80 percent of the customary rate" as expressly preempted under Section 514).

     Plaintiffs' breach of contract and promissory estoppel claims also fail because the transcript of the recorded verification call confirms that no contract or promise of payment was made. An offer "must be plain and clear enough to establish the intended terms of the proposed contract." *See Thome v. Alexander & Louisa Calder Found.*, 70 A.D.3d 88, 104 (1st Dep't 2009). And there must be a clear and unequivocal acceptance of those terms. "A meeting of the minds must include

---

[1] Evidence is "integral" to the complaint and properly considered on a motion to dismiss where "the complaint relies heavily upon its terms and effect." *Salameno v. Gogo Inc.*, 2016 WL 4005783, at *2 (E.D.N.Y. Jul. 25, 2016) (quoting *Goel v. Byunge, Ltd.*, 820 F.3d 559, 550 (2d Cir. 2016) (internal citations omitted)).

[2] On August 14, Plaintiffs filed with the Court a document which included the reference number (5285806269) and alleged Aetna representative ("Ken O.") for the alleged July 15, 2020 call. (ECF No. 10). Based on that information, Aetna was able to locate the May 22, 2020 phone call at issue with reference number 5285806269 and "Ken O." A true and correct copy of the recording of the May 22, 2020 verification call is being provided to Plaintiffs' counsel simultaneously with the filing of this correspondence.

Hon. Lorna G. Schofield, U.S.D.J.
October 10, 2023
Page 3

agreement on all essential terms." *Kolchins v. Evolution Mkts., Inc.*, 128 A.D.3d 47, 59 (1st Dep't 2015) *affd* 31 N.Y.3d 100 (2018). The Complaint, however, falls short of plausibly articulating a clear and definite promise, mutual assent or that Aetna manifested contractual intent to be bound to an agreement to reimburse Plaintiffs "based upon 80% reasonable and customary," rather than simply stating what the Plan provides, as the claims administrator. Moreover, Plaintiffs fail to adequately plead that the customer service representative had apparent authority to enter into a contract for payment beyond the terms and conditions of the Plan on Aetna's behalf. *See Landtek Group, Inc. v. North Am. Specialty Flooring, Inc.*, No. 14-cv-1095 (SJF)(AKT), 2016 WL 11264722, at *10-11 (E.D.N.Y. Aug. 12, 2016); *Holmes v. Allstate Corp.*, No. 11-cv-1543 (LTS)(DF), 2012 WL 627238, at *9-10 (S.D.N.Y. Jan. 27, 2012).

Plaintiffs' unjust enrichment fails as a matter of law because they cannot allege any facts which demonstrate that Plaintiffs conferred a "benefit" on Aetna by rendering surgery to A.V. "It is counterintuitive to say that services provided to an insured are also provided to its insurer. The insurance company derives no benefit from those services; indeed, what the insurer gets is a ripened obligation to pay money to the insured—which hardly can be called a benefit." *Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001). Since Plaintiffs cannot plausibly allege they conferred a "benefit" on Aetna, their unjust enrichment claim is legally deficient.

Lastly, Plaintiffs' fraudulent inducement claim not only fails to satisfy the heightened pleading standard under Rule 9(b), but it is legally deficient as well. Under New York law, "no fraud claim is cognizable if the facts underlying the fraud relate to the breach of contract." *Auerbach v. Amir*, 2008 WL 479361, at *5 (E.D.N.Y. Feb. 19, 2008); *see also, Wall v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006). Where fraud claims are brought alongside contract claims, the fraud claims may only proceed where plaintiff can "(i) demonstrate a legal duty separate from the duty to perform under the contract; (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs. Inc.*, 98 F.3d 13, 20 (2d Cir. 1996) (internal quotation marks and citations omitted). A party's mere promise to perform its contractual obligations, even if knowingly false at the time of making, is not enough to support a claim of fraud under New York law. *See id.* at 19; *see also, Donnenfeld v. Petro, Inc.*, 333 F.Supp.3d 208, 221 (E.D.N.Y. 2018). The Complaint fails to allege any misrepresentation made by Aetna collateral to the alleged contract for payment and that induced Plaintiffs to enter into the alleged contract. Accordingly, the fraudulent inducement claim is duplicative of the breach of contract claim and must be dismissed.

Aetna proposes that the Court issue an order requiring a motion to dismiss by October 20, 2023. Plaintiffs' opposition by November 10, and Aetna's reply by November 24.

                                      Respectfully Submitted,

                                      */s/ Adam J. Petitt*
                                      Adam J. Petitt

cc: All Counsel of Record (*via ECF*)