Although Plaintiffs should have sought leave to amend, and neglected to attach the proposed amended pleading, in the interest of addressing Defendant's preemption and other arguments once rather than multiple times (i.e. potentially addressing futility on the motion to amend, and on the motion to dismiss), Plaintiffs' motion to file an amended complaint is **GRANTED**.  By **January 31, 2025**, Plaintiff shall file the proposed amended complaint, which was referenced in, but omitted from, Dkt. No. 42.  By **February 12, 2025**, Defendant shall file any motion to dismiss.  By **February 21, 2025**, Plaintiffs shall file their opposition.  By **February 28, 2025**, Defendant shall file its reply.  The motion to dismiss the original Complaint is **DENIED as moot**.  The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 35 and 41.

Dated: January 30, 2025
        New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

Re:   *Norman Maurice Rowe, M.D., M.H.A., L.L.C., et al. v. Aetna Life Insurance Company*, No. 1:23-cv-08297-LGS-OTW

Dear Judge Schofield:

My firm represents Defendant, Aetna Life Insurance Company ("Aetna"), in the above-referenced matter.  I write in response to Your Honor's Memo Endorsement, (ECF No. 40), and Plaintiffs' belated filings on January 23, 2025, (ECF Nos. 41, 42, 43).  Aetna objects to Plaintiffs' improper, unauthorized filings because they fail to do what multiple court orders directed Plaintiffs to do, are inexcusably tardy, and are incomplete even now.

As Your Honor's Endorsement identifies, Magistrate Judge Wang's Order dated December 9, 2024, directed Plaintiffs to file any *opposition* to Aetna's motion to dismiss their operative Complaint by January 10, 2025, but no such opposition was filed. (ECF No. 40).  The December 9 Order warned the parties that there would "no extensions." (ECF No. 32 at 3).[1]  Except Your Honor permitted Plaintiffs to file an *opposition* to Aetna's motion with the caveat that they also seek an extension stating the grounds therefore by January 28.  (ECF No. 40).  If Plaintiffs failed do so, the Court warned that Aetna's motion would be treated as unopposed. (*Id.*).  But, again, Plaintiffs did not do what the Court asked.

As an initial point, Plaintiffs did not file an opposition to Aetna's motion to dismiss the Complaint.  Instead, they took it upon themselves to file a motion to amend their Complaint without the Court's permission.  (ECF Nos. 41-43). The December 9 Order permitted Plaintiffs to

---

[1] And this was not the only deadline Plaintiffs missed on January 10. Pursuant to the December 9 Order, Plaintiffs were to respond to an Order to Show Cause in five companion cases by January 10, but also failed to respond. (ECF No. 32 at 6-7).  On January 14, in a letter related to Plaintiffs' belated filings in those five cases, Aetna advised those Courts and Plaintiffs that Plaintiffs had failed to file any opposition to Aetna's motion to dismiss in this matter, and in two other cases.  *See, e.g.,* No. 22-cv-7900-JLR-OTW, Dkt. No. 66.

Boston | Hartford | New York | Washington, DC | Providence | Miami | Stamford | Wilmington | Philadelphia | Los Angeles | Albany | rc.com

Robinson & Cole LLP

Hon. Lorna G. Schofield, U.S.D.J.
January 29, 2025
Page 2

move for leave to amend their complaint in certain other cases, but not here. (ECF No. 32 at 2). Nor did Plaintiffs seek permission by way of a premotion conference letter pursuant to Your Honor's or Magistrate Judge Wang's individual rules and practices. What's more, Plaintiffs' purported motion is woefully deficient as it does not even include a proposed amended complaint or a redline comparison of the proposed amended pleading to the original complaint.[2] *See* Local Rule 15.1(a); *see also State Trading Corp. of India Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (imputing a lack of good faith to plaintiff in part because plaintiff "did not file a proposed amended complaint" when it sought leave to amend). Plaintiffs' filings are unauthorized and improper and should be rejected.

As required by Your Honor's Endorsement, Plaintiffs fail to seek an extension of their January 10 opposition deadline and decline to offer any excuse for failing to abide the Court's January 10 and January 28 deadlines. (ECF Nos. 32, 40). An excuse would be difficult. Plaintiffs needed two reminders nearly a week apart that they had missed their January 10 deadline before they filed anything. (ECF No. 40); No. 22-cv-7900, Dkt No. 66 at 2. Despite that second chance, they still have not complied with the January 28 deadline or the Court's Orders.

Nor was that the first time Plaintiffs wholly failed to file responsive pleadings on the docket in their cases against Aetna. *See* Nos. 23-8140 at Dkt No. 17 (Plaintiffs emailed but failed to file their opposition to Aetna's motion to dismiss); 23-8298 at Dkt No. 29 (same); 23-8509 at Dkt No. 31 (same); 23-8504 at Dkt No. 31 (same); 23-8527 at Dkt No. 30 (same).

Aetna respectfully requests that Plaintiffs' motion to amend and associated filings (ECF Nos. 41, 42, 43) be stricken from the docket and Aetna's motion to dismiss be treated as unopposed. (ECF No. 40).

          Respectfully,

          /s/ Adam J. Petitt
          Adam J. Petitt

CC:    all counsel of record (via ECF)

---

[2] This is not the first time Plaintiffs have failed to file a proper motion to amend. In No. 23-8504-JLR-OTW, Plaintiffs were permitted to move for leave to amend their complaint under the December 9 Order. (ECF No. 32 at 2). However, like here, Plaintiffs did not file a proposed amended complaint with their motion. *See* No. 23-8504, Dkt. Nos. 46-48. In its opposition, Aetna highlighted the fatal deficiency to Plaintiffs' motion. *Id.,* Dkt. 49 at 15. Yet, Plaintiffs filed their reply brief, ignored the deficiency altogether, and have made no attempt to cure it. *Id.*, Dkt. 51.