UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                       :
NORMAN MAURICE ROWE, M.D.,         :
M.H.A.,L.L.C., et al.,                           :
                                                       :     23 Civ. 8297 (LGS)
                                    Plaintiffs,  :
                   -against-              :     **OPINION & ORDER**
                                                        :
AETNA LIFE INSURANCE COMPANY,  :
                                                       :
                                    Defendant.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Plaintiffs Norman Maurice Rowe, M.D., M.H.A., L.L.C. and East Coast Plastic Surgery, P.C. bring this action against Defendant Aetna Life Insurance Company for payment of medical expenses for a surgery Plaintiffs performed on patient A.V. This case is "one of more than 30 nearly identical lawsuits filed in this District and the Eastern District of New York." *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.*, No. 23 Civ. 8140, 2025 WL 1786416, at *1 (S.D.N.Y. June 27, 2025).[1] On January 31, 2025, Plaintiffs filed the Amended Complaint, which asserts five causes of action: (1) breach of contract, (2) unjust enrichment, (3) promissory estoppel, (4) fraud and (5) conversion. Defendant moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion is granted.

**I.    BACKGROUND**

       The following facts are taken from the Amended Complaint and the summary plan description.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

Plaintiffs are plastic surgery practices. Plaintiffs' patient, A.V., was a candidate for breast reduction surgery. Defendant was A.V.'s insurer under A.V.'s employer sponsored health plan (the "Plan"). Plaintiffs are "out-of-network" providers under the Plan, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

On May 22, 2025, Aetna orally represented that it would pay for A.V.'s surgery under the "80th percentile of Reasonable and Customary" fee schedule. On October 6, 2020, Plaintiffs conducted A.V.'s surgery. Plaintiffs calculated Defendant's obligation under the Plan to be $130,500.00 using the eightieth percentile reasonable and customary method. Defendant, however, paid only $3,154.88.

Plaintiffs filed the current action along with dozens of similar cases in this District and the Eastern District of New York, several of which have been dismissed. *See, e.g.*, *Norman Maurice Rowe, M.D., M.H.A., LLC v. Aetna Life Ins. Co.*, No. 23 Civ. 6238, 2025 WL 692051, at *1 (S.D.N.Y. Mar. 4, 2025); *Rowe Plastic Surgery of New Jersey, L.L.C. v. United Healthcare*, No. 23 Civ. 4352, 2024 WL 4309230, at *9 (E.D.N.Y. Sept. 26, 2024); *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.*, 705 F. Supp. 3d 194 (S.D.N.Y. 2023), *aff'd*, No. 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024).

II.   **Discussion**

    A.   **Evidence to Consider**

As a threshold matter, Plaintiffs object to consideration on this motion of the Summary Plan Description ("Plan Summary") submitted by Defendant. This objection is overruled.

"Generally, in determining whether a complaint states a claim, the court is required to make the assessment based solely on the allegations in the complaint, without considering extraneous facts and materials." *Pearson v. Gesner*, 125 F.4th 400, 406 (2d Cir. 2025). "A

plaintiff may incorporate allegations in the complaint by reference to another document; and where the complaint relies heavily upon its terms and effects, the document is integral to the complaint." *Id.* Courts may consider such incorporated or integral documents when adjudicating a 12(b)(6) motion to dismiss. *See id.*; *Watson Lab'ys, Inc. v. Forest Lab'ys Inc.*, 101 F.4th 223, 235 n.5 (2d Cir. 2024). Courts may also consider "documents possessed by or known to the plaintiff[s] and upon which [they] relied in bringing [the] suit." *In Re Shanda Games Ltd. Sec. Litig.*, 128 F.4th 26, 41 (2d Cir. 2025).

Contrary to Plaintiffs' argument, consideration of the Plan, as reflected in the Plan Summary, is proper because the Plan is referenced in, and is "integral to" the Amended Complaint. *Pearson*, 125 F.4th at 406. First, the Plan is integral to the Amended Complaint because the Amended Complaint "presupposes the existence of a relationship between [Defendant] and [A.V.] through a health insurance plan." *Park Ave. Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co.*, No. 23-1134-CV, 2024 WL 2813721, at *3 (2d Cir. June 3, 2024) (summary order). In *Park Ave.*, the Second Circuit affirmed dismissal of state law coverage claims on the basis of ERISA preemption. The court explicitly rejected the same argument Plaintiffs raise here, that the district court had erred in relying on the plan summary "in finding that [plaintiff's] causes of action were related to an ERISA-governed plan." *Id.* at *1, 3; *accord Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. UnitedHealthcare Serv., LLC*, No. 23 Civ. 516, 2024 WL 4252045, at *3 (E.D.N.Y. Sept. 20, 2024). The plaintiffs in *Park Ave.*, like Plaintiffs here, argued that the "complaint did not cite to the plan or append it to its complaint." 2024 WL 2813721, at *2. The Second Circuit nevertheless held the Plan was integral to the complaint, where as here, "the core of [plaintiff's] complaint is the requirement that [the plan] provides some degree of out-of-network benefits." *Id.* at *3.

3

Second, the Amended Complaint in this case explicitly relies on the Plan for both causes of action. The breach of contract claim in substance alleges that Aetna orally agreed that it would pay one amount for A.V.'s surgery, but then reneged saying that the Plan allowed only a lesser amount: "With its payments to [Plaintiffs, Defendant] included correspondence that said . . . in sum and substance, Member's plan allows up to 250% of the Medicare Allowable Rate." The Amended Complaint disputes that this smaller amount was mandated by the Plan: "250% of the Medicare Allowable Rate is not the rate mandated by AV's health plan." The unjust enrichment cause of action similarly relies on and references the Plan. That claim alleges in part that "[t]he fees [Aetna] purportedly earned via [certain] 'shared savings' programs are generated by providing the same service for which Aetna is already being compensated on a per month basis by the sponsor of A.V's health plan, *i.e.*, the receipt, processing and adjudication of claims." *Cf. Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.*, 705 F. Supp. 3d 194, 201 (S.D.N.Y. 2023) (declining to consider the plan on a motion to dismiss because the pleading "contains only oblique references to [the patient's] insurance plan"), *aff'd*, No. 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024).

Because the Plan Summary is properly considered on this motion to dismiss to find that Plaintiffs' claims arise out of an ERISA-governed insurance plan, it is unnecessary to convert the motion to one for summary judgment and allow further discovery, as Defendant requests. Plaintiffs have not identified any discovery that could cure the deficiency identified below or facilitate the disposition on the merits. *See Lugo v. City of Troy*, 114 F.4th 80, 88 (2d Cir. 2024) ("The choice to convert a motion generally turns on whether doing so is likely to facilitate the disposition of the action on the merits.").

### B. Preemption

The Amended Complaint is dismissed because all five causes of action arise under state law and are preempted by ERISA. Under ERISA, a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), *codified at* 29 U.S.C. § 1132(a)(1)(B). ERISA creates a comprehensive civil enforcement scheme that "completely preempts any state-law cause of action that duplicates, supplements, or supplants an ERISA remedy." *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."); *D.C. v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 129-30 (1992) ("Under § 514(a), ERISA pre-empts any state law that refers to or has a connection with covered benefit plans (and that does not fall within a § 514(b) exception) even if the law is not specifically designed to affect such plans, or the effect is only indirect, and even if the law is consistent with ERISA's substantive requirements."). The statute itself states that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144.

A state law "relate[s] to" an ERISA benefit plan if "it has a connection with or reference to such a plan." *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 739 (1985). "Under this broad common-sense meaning, a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). "[C]laims are completely

preempted by ERISA if they are brought (i) by an individual who at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and (ii) under circumstances in which there is no other independent legal duty that is implicated by a defendant's actions." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 328 (2d Cir. 2011); *accord Finkel v. Structure Tone, LLC*, No. 23 Civ. 1269, 2025 WL 1237411, at *2 (S.D.N.Y. Apr. 29, 2025).  In *Montefiore Med. Ctr.*, the Second Circuit held that the state-law claims of a hospital, as valid assignee of the patients, for payment of medical services the ERISA plan failed to reimburse, met both prongs and were preempted by ERISA.  642 F.3d at 326, 329-32.

In this case, the Plan Summary makes clear that the Plan is governed by ERISA.  The summary repeatedly references a participant's "right to bring a civil action under ERISA Section 502(a) following an adverse benefit determination," and contains a separate section explaining participants' rights and benefits under ERISA.  Plaintiffs do not dispute that ERISA governs the Plan.

The claims in the Amended Complaint, all of which arise under state law, are preempted by ERISA.  Plaintiffs, as valid assignees of A.V., assert claims for breach of contract, promissory estoppel, unjust enrichment, fraudulent inducement and conversion, which all arise under state law and seek payment in connection with medical services rendered to A.V.  These claims "implicate coverage determinations under the relevant terms of the Plan, including denials of reimbursement" and are thus "colorable claims for benefits pursuant to ERISA § 502(a)(1)(B)." *Id.* at 331-32.  The Amended Complaint does not allege any "independent legal duty that is implicated by the defendant's actions." *Id.*  As in *Park Ave.*, "any legal duty" Aetna "has to reimburse [Plaintiff] arises from its obligations under the patient's ERISA plan, and not from

some separate agreement or promise," and thus "[Plaintiffs'] claims are expressly preempted by ERISA § 514(a)." 2024 WL 2813721, at *2.

### C. Leave to Amend

Defendant's request for dismissal with prejudice is granted, and Plaintiffs are denied leave to amend. Plaintiffs have already amended the complaint once and did not add an ERISA claim. Denial of leave to amend is proper if amendment would be futile. *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d Cir. 2024). Further amendment would be futile, as any additional or alternative pleading of non-ERISA claims would be preempted for the reasons discussed above. *See Norman Maurice Rowe, M.D., M.H.A., LLC v. Aetna Life Ins. Co.*, 2025 WL 692051, at *2 (denying motion to amend in Plaintiffs' similar case for futility); *see also Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 23 Civ. 3632, 2025 WL 1940325, at *11 (E.D.N.Y. July 15, 2025) (denying motion to amend for futility due to preemption and failure to state a claim as a matter of state law); *Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. Aetna Life Ins. Co.*, No. 23 Civ. 6238, 2025 WL 692051, at *2 (S.D.N.Y. Mar. 4, 2025) (denying motion to amend after prior dismissal with prejudice due to preemption and admonishing that further filings would be considered sanctionable); *Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. UnitedHealthcare Serv., LLC*, No. 23 Civ. 0516, 2024 WL 4252045, at *5 (E.D.N.Y. Sept. 20, 2024) (dismissing the case for preemption).

### III. CONCLUSION

For the foregoing reasons, the Amended Complaint is **DISMISSED** with prejudice. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 47 and close the case.

Dated: September 15, 2025
New York, New York

*(signature)*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE